UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Feds for Medical Freedom, et al., | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | Case No.: 4:23-cv-01817 |
| Pamela Bondi, et al., | ) | |
| *Defendants*. | ) | |

**PLAINTIFF WARREN JENKINS'**

**MOTION FOR RELIEF AND MEMORANDUM IN SUPPORT**

COMES NOW, Plaintiff Warren Jenkins ("Jenkins"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 60(b)(1), and seeks relief from this honorable Court's order dismissing him from the above captioned case.

I.   **RELEVANT FACTS**

On May 17, 2023, 40 plaintiffs (collectively "Plaintiffs") filed a complaint against Defendants which they amended by mater of right on July 7, 2023. Both complaints included plaintiffs Warren Jenkins, James Drohan, Ann Parrillo, and Brian Toy as plaintiffs.

In early February, 2025, Defendants' counsel inquired from Plaintiffs' counsel as to whether several unresponsive plaintiffs—Jenkins, Drohan, Parrillo, and Toy—should be dismissed from the action. Those plaintiffs had been unresponsive to discovery requests from Defendants. In addition to their unresponsiveness to discovery requests, those plaintiffs were either unresponsive to contacts from Plaintiffs' counsel, and / or they failed to take the steps

1

necessary to engage legal representation.

Plaintiffs' and Defendants' counsel agreed to dismiss the unresponsive plaintiffs under Rule 41 (a)(1)(ii) so that they could bring the action again should they decide to but would not hold up the litigation for the other parties by their non-action.

Shortly before Plaintiffs' counsel sent Defendants' counsel the final draft of the Joint Stipulation of Voluntary Dismissal, Jenkins began responding to Plaintiffs' counsel and put together his answers to Defendants' discovery requests.

When Plaintiffs' counsel sent the final draft of the Joint Stipulation of Voluntary Dismissal, Plaintiffs' counsel mistakenly kept Warren Jenkins' name on the document. Plaintiffs' counsel did not recognize his mistake until recently and now seeks this amendment.

On February 18, 2025, this court dismissed Jenkins from the above captioned case without prejudice.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) states, in relevant part, that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect." The motion must be made within one year of the order from which relief is requested. Dismissal under Rule 41(a) is a "final judgement" under Rule 60(b), and Rule 60(b) permits that dismissed case to be reopened. *Waetzig v. Halliburton Energy Servs.*, 145 S. Ct. 690 (2025).

"The general purpose of [Rule 60(b)] is to make an exception to finality. The Rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Id.* at 694 (internal citations omitted).

Here, Counsel for Jenkins made a mistake when he did not realize he had sent the un-updated Joint Stipulation of Voluntary Dismissal. He did not realize his mistake until recently

and now makes this motion.

Because Jenkins was dismissed without prejudice, relieving Jenkins from dismissal in this action would be to the advantage of all parties. It would aid judicial economy as Jenkins would not have to file another suit with its own trial, schedule, docket and Judge who would have to familiarize him or herself with many of the same issues already being litigated in this present case. It would also make it so that Plaintiffs' counsel would not have to re-litigate the entire case. And Defendants would not need to defend themselves from yet another suit.

Moreover, relieving Jenkins from dismissal does not prejudice the Defendants. Jenkins has submitted all discovery requests from Defendants months ago and will not be prejudiced as they build their case against his claims.

Additionally, the discovery deadlines have been stayed in the present case, pending mediation, giving the Defendants time to make any additional discovery requests that they might have in order to aid in their defense.

Counsel for Plaintiffs have conferred with counsel for the Defendant, and they have indicated that they oppose this motion.

For the reasons stated above, Plaintiffs respectfully request that this Court accept his motion for relief from this Court's dismissal of his suit against the Defendants.

Dated: July 23, 2025                    Respectfully Submitted,

_____
E. Scott Lloyd
Virginia Bar # 76989
Lloyd Law Group, PLLC
106 Chester Street, Suite 1
Front Royal, VA 22630
(540) 823-1110
scott@lloydlg.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on July 23, 2025, I caused the foregoing to be served upon the Defendants by electronic service through ECF.

_____
SCOTT LLOYD