**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FEDS FOR MEDICAL FREEDOM *et al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | Civil Action No. 4:23-cv-01817 |
| v. | ) | |
| | ) | |
| MERRICK B. GARLAND *et al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**SUPPLEMENTAL FILING**
**REGARDING THE CALCULATION OF DAMAGES**

COME NOW, Plaintiffs and Putative Class Agents José Villela and Kyle Seraphin, by counsel, on behalf of themselves and a putative class of similarly situated employees (together, "Putative Class" or "Class"), pursuant to Federal Rule of Civil Procedure 23, and submit the following supplemental filing in support of their motion for class certification.

On April 22, 2026, the Court heard oral arguments on the Plaintiffs' motion for class certification. The Court took the motion under advisement and on the same day ordered "additional briefing regarding the calculation of individual damages in this case. Parties should particularly address the calculation of damages for the proposed disparate impact class." The following submission is the Plaintiffs' response to that order.

## I.     Legal Framework

On the issue of damages in a class action case, the Tenth Circuit summarized the nationwide consensus succinctly when it stated, "[T]he black letter rule is that individual damage

1

calculations generally do not defeat a finding that common issues predominate, and courts in every circuit have uniformly held that the 23(b)(3) predominance requirement is satisfied despite the need to make individualized damage determinations." *Cline v. Sunoco, Inc. R&M*, 159 F.4th 1171, 1191 (10th Cir. 2025).

Here the 10th Circuit is echoing the approach that the Fifth Circuit took in *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 306-07 (5th Cir. 2003). There the Court acknowledged that, "relatively few motions to certify a class fail because of disparities in the damages suffered by the class members. Even wide disparity among class members as to the amount of damages suffered does not necessarily mean that class certification is inappropriate, and courts, therefore, have certified classes even in light of the need for individualized calculations of damages." *Id*. (citations omitted). "Bifurcation of liability and damage is a common tool deployed by federal district courts in a wide range of civil cases […] We decline to imply limits upon the trial court's management power that not only cannot be located in the language of the statute but also confound the plain language of the Federal Rules." *EEOC v. Bass Pro Outdoor World, L.L.C.*, 826 F.3d 791, 800 (5th Cir. 2016)

The parties, of course, must be mindful that, "Class treatment […] may not be suitable where the calculation of damages is not susceptible to a mathematical or formulaic calculation, or where the formula by which the parties propose to calculate individual damages is clearly inadequate." *Bell Atl. Corp.*, 339 F.3d at 306-07 (5th Cir. 2003).

Here, as demonstrated below, it is possible to arrive at a workable solution for damages that is streamlined and minimizes the need for individualized calculations of damages.


## II.     Possible Methodologies

### A.  Types of Damages in this Case

In this case there is a purported overall class of individuals who experienced disparate impact discrimination (1,500 or more according to Plaintiffs' submissions), with two subclasses of individuals: one experiencing a failure to accommodate for masking and testing claims (up to 31 individuals), and a second experiencing constructive discharge (between 192 and 253 individuals according to Plaintiffs' submissions).

The categories of possible damages here include:

1. Back pay / front pay for individuals who lost positions, promotions, training opportunities and travel affecting their promotability, and / or leave.

2. Compensatory damages for physical pain / injury and expenses related to testing and masking.

3. Compensatory damages for pain and suffering associated with the burden on religious beliefs, uncertainty associated with frequent threats of termination, and / or alienation from coworkers and superiors resulting from masking, testing, and / or distancing requirements.

### B. Options for damages Related to Plaintiffs' Claims

Courts have used a variety of methodologies, often in concert, in Title VII cases to process damages claims in class cases. In *Pettway v. Am. Cast Iron Pipe Co.*, 494 F.2d 211, 258 (5th Cir. 1974), the Fifth Circuit suggested three options for determining the back pay in a disparate impact case where there had been a class certification:

> Initially, we approve the district court's intention of referring the back pay claims to a Special Master, Fed. R. Civ. P. 53. *United States v. Wood, Wire & Metal Lathers Int. Union, Local 46*, 328 F. Supp. 429, 441 (S.D.N.Y. 1971). However, the court and the parties may also consider negotiating an agreement. *E.g., Johnson v. Goodyear Tire & Rubber Co.*, 349 F. Supp. 3, 18 (S. D. Tex. 1972), 491 F.2d 1364 (5th Cir. 1974); *United States v. Wood, Wire & Metal Lathers, Int. Union, Local 46*, supra, 328 F. Supp. at 444 n. 3. An alternative is to utilize the expertise of the intervening Equal Employment Opportunity Commission to supervise settlement

negotiations or to aid in determining the amount of the award.

Plaintiffs suggest the use of a combination of the first two of these suggestions: the use of a Special Master alongside negotiations to minimize the need for the Special Master's intervention and / or individualized hearings on damages.

**Use of a Special Master**: As indicated above, courts have made use of a Special Master under Fed. R. Civ. P. 53 to determine the extent of damages. *Trout v. Garrett*, 780 F. Supp. 1396, 1401 (1991)("Due to the anticipated number and complexity of the hearings, the individual claims were referred to a Special Master pursuant to Rule 53(b) of the Federal Rules of Civil Procedure. The Special Master was also instructed to determine which statistical methodology was most appropriate for use in determining backpay for the individuals."); *Shafer v. Army & Air Force Exch. Serv.*, 277 F.3d 788 (5th Cir. 2002)(Use of a Special Master treated as legitimate in a case finding that the trial court had not reviewed the findings of the Special Master).

Rule 53 (a) allows for a special master to perform duties consented to by the parties and to make or recommended findings of fact if appointment is warranted by the need to perform an accounting or resolve a difficult computation of damages.

C. **Analysis / Suggestions**

Plaintiffs recommend the appointment of a Special Master under rule 53 to gather Plaintiffs' claims of damages and to suggest damages amounts in accord with the evidence gathered.

Damages in this case are more quantifiable and less subject to variation than it may seem at first blush. The period when the alleged offenses occurred is 609 days: September 9, 2021, through May 11, 2023—the duration of the vaccine mandate for federal employees. To the extent that any generalized compensatory damages for stress, anxiety, humiliation, and similar distress may be

4

applied to all members of the disparate impact class, the *per capita* damage award could be determined in a uniform fashion, and these damages could be assigned a *per diem* value if necessary. With the exception of those whose employment terminated during that period, all members of the disparate impact class (which includes both subclasses) will have had an experience that calls for a uniform determination of damages less the *per diem* value of any time they were not employed with the Bureau during the 609-day period. Plaintiffs are interested in stipulating to this value in order to facilitate the litigation.

Similarly, although testing varied from employee to employee, each employee had to test a specific number of times. Each employee who claims that he tested can submit his assertion of the number of times he had to test along with any documentary evidence (receipts, calendar entries, email, etc.) that support his claims. It is the same with masking—plaintiffs can submit the number of days they assert that they masked and whether it was constant throughout the day or only during certain times. If physical injuries are relevant, they can submit their claims regarding injuries.

If a plaintiff claims that she used leave during the mandate period, she would submit her allged totals with any back-up evidence.

Where back pay, front pay, and leave are relevant, the Plaintiffs would submit the hours, their pay grade, and calculations of the amounts they are entitled to with evidence.

Plaintiffs would make use of forms to gather the relevant information for submission to the Special Master. It is likely that the content of the forms would be something the parties could stipulate to. Plaintiffs already make use of forms to gather information for the purpose of settlement discussions and information-gathering purposes. One example is submitted as **Exhibit A**.

Once the Plaintiffs gather the evidence and submit it to the Special Master, defendants will

have an opportunity to stipulate to any claims or challenge them under the burden-shifting framework. (*See*, *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358, 97 S. Ct. 1843, 1866 (1977)). Only where there is a challenge would there be the possibility of an individual hearing, to be conducted first or exclusively by the Special Master to reduce the burden on the Court.

To summarize:

1. The parties work to determine whether they are able to stipulate to damages amounts for the discrete harms contemplated and reduce them where possible to a *per diem*, per hour, and / or per-incident basis. Where there is no agreement, the Special Master makes a recommendation, and there is an adjudication of the values appropriate.

2. Plaintiffs gather claims and evidence using agreed-upon forms.

3. The Special Master manages the stipulation or adjudication of damages awards.

4. The Court reviews all damages awards and adjudicates any outstanding issues.

**Example 1**: Parties stipulate that testing is worth $y$ dollars a test, and masking is $z$ dollars a day. Plaintiff Doe was employed throughout the mandate, tested 40 times, and masked a total of 169 days. The evidence she submits to the Special Master matches Defendants' records, and Defendants stipulate to the figures. The Special Master submits the stipulated award indicating that Doe is entitled to $40y + 169z$.

**Example 2**: Plaintiffs stipulate to the Court assigning *per diem* and per-incident values to damages. Parties are unable to stipulate to an amount for those damages. The Special Master hears evidence and makes a recommendation to the Court, which it accepts. Plaintiff Roe did not mask or test but was constructively discharged. She submits her calculations of salary based on her GS-13 Step 10 rate of pay at her termination. Defendants object, and the Special Master gathers evidence and has a hearing to determine back pay and forward pay. The Special Master makes a

determination and submits the amount for approval.

### III. Conclusion

Plaintiffs believe that the use of a Special Master in conjunction with good-faith efforts to negotiate the details of damages to streamline the damages determinations is the best path forward for class certification in this case. Plaintiffs are willing to stipulate to a standardized framework to damages that the class suffered as a whole, including, as indicated, *per diem* and per-incident approaches to damages calculations. Plaintiffs are furthermore willing to enter into negotiations about amounts for these increments to determine whether it may be possible to avoid the need for adjudicating them. To the extent that adjudication is necessary, the use of a Special Master will facilitate these adjudications and reduce the burden on the Court.

Dated: May 8, 2026

Respectfully Submitted:

/s/ E. Scott Lloyd
E. Scott Lloyd
Lloyd Law Group, PLLC
106 Chester St, Suite 1
Front Royal, VA 22630
(540) 823-1110
scott@lloydlg.com
*Lead Counsel*
*Counsel for Plaintiffs*
*Admitted pro hac vice*

**Daniel W. Manning**
State Bar No. 24081018
Southern District State Bar No. 3098098
dmanning@bajb.com
*Local Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I will cause the foregoing to be served upon the Defendants on

May 8, 2026:

Myra Farah Siddiqui
DOJ-USAO
1000 Louisiana Street Suite 2300
Houston, TX 77002
713-567-9600
Email: Myra.Siddiqui@usdoj.gov

Natasha Ann Alexander
DOJ-USAO
1000 Louisiana Street Ste #2300
Houston, TX 77002
713-567-9000
Email: Natasha.Alexander@usdoj.gov