**APPENDIX**

TABLE OF CONTENTS

Exhibit 1    Excerpts of Deposition of Jose Villeda

Exhibit 2    Excerpts of Deposition of Sundanah Parsons

Exhibit 3    Excerpts of Deposition of Jennifer R. Geren

Exhibit 4    Excerpts of Deposition of Rachelle Glenn

# EXHIBIT 1

1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FEDS FOR MEDICAL FREEDOM, )
et al., )
    Plaintiff, )
     )
    v. ) CIVIL NO. 4:23-cv-01817
     )
MERRICK GARLAND, U.S. )
ATTORNEY GENERAL, et al., )
     )
    Defendants. )

---------------------------------

ORAL DEPOSITION OF

JOSE R. VILLELA

March 25, 2025

---------------------------------

The Oral Deposition of JOSE R. VILLELA, produced as a witness at the instance of the defendant, and duly sworn, was taken in the above-styled and numbered cause on the 25th of March, 2025 from 8:53 a.m. to 11:47 a.m., in and for the State of Texas, reported by machine shorthand, conducted at United States Attorney's Office, 700 E. San Antonio Ave., El Paso, Texas 79901, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

77

mask and test.

Do you think that others that did not want get the COVID vaccine should have been able to get the same accommodation that you wanted?

A.  Absolutely.  But to clarify, we were required to mask and test.  I just didn't do it.

Q.  Okay.  So let's switch over to masking and testing.

Did you submit a religious accommodation exemption to the testing requirement?

A.  No.

Q.  Why not?

A.  Again, in my head, it's part and parcel, if I'm not going to vaccinate, I'm not going to test.  I'm not going to wear a mask.  It was just -- to me it was that simple.  I've been around the -- the -- the FBI at this time for over 25 years.  I'm too busy to be dealing with this kind of stuff.

I'll illustrate.

There was this one lady, she was in administration, she wasn't in the agent branch.  And -- and to each is own.  Right?  Had a mask, the face mask, the face shield, gloves and every single time I bumped into her, it's like "Where's your mask?"

"At my desk."

78

Again, "Where's your mask?"

"I think I left in the car."

"Where's your mask?"

And it was repetitive.  Until one time I just finally said -- and I wasn't mad or anything, I just said, "Look, you're masked.  You're wearing a face shield.  You're wearing gloves.  We're more than six feet apart.  I'm not going to ask you, but you're probably vaccinated.  Leave me alone."

Q.  So I want to talk about that.

What was the masking policy at the FBI?

A.  Initially, it was you had to wear a mask all the time.  And -- and the idiocy of it to me was -- and it goes back to that whole thing about, hey, we have 50 vaccines available and people just would run for it.

It was like the same mentally is like, okay, if you're in a room by yourself, you have to be masked.  What?  It makes no sense.  What am I masking against?

So I just -- our SAC one time, he's no longer in this office, but I remember we were going into a -- into a meeting, I wasn't wearing my mask at that point -- and at that point everybody knew, it's like, "Hey, don't even tell him 'cause he's not going to wear it."

you would have?

A.   Not necessarily.  What I meant is if there are people that were dismissed -- let's say someone like for example, Garrett O'Boyle was dismissed 30 months ago. Obviously, if we're able to get him reinstated and his back pay, that's going to look different for him than for other people.

Q.   So let's compare you to someone who didn't get dismissed.  So another FBI special agent in this class action that shares similar roles and responsibilities as you, do you think that individual would have the same damages as you?

MR. LLOYD:  Objection, speculative, calls for a legal conclusion.

A.   I'm going to be 100 clear and honest with you as I have been with my attorney.  I could care less about the money.  There are people in the group, though, that are claiming that they were stressed and that there was emotional -- what do they call it?  Emotional distress or people that couldn't sleep and they had changes in their health.  That's different.  If -- if -- if -- and it's legitimate.  If they can get some sort of money for that, good for them.

I told you I am -- I am personally seeking that this doesn't happen again.

Q.   (BY MS. ALEXANDER)  And so just to kind of sum that up.

Are you seeking emotional distress for yourself?

A.   No.

Q.   Okay.  So we've talked about COVID vaccine damages.  I want to switch to masking and testing damages.  Okay?

What damages are you seeking in this lawsuit as a result of the testing and masking COVID policy?

A.   Me, personally, as previously stated, I am not seeking any damages.

Q.   So you are seeking no monetary damages as a result of the testing and masking policy.

A.   Correct.

Q.   Do you think that other plaintiffs in your class action will have the same damages, as in zero damages, to the masking and testing policy?

A.   Again --

MR. LLOYD:  Objection, calls for speculation and legal conclusion.

A.   Again, I will say that I am -- in talking to a lot of the individuals, some of them were distressed in having to wear a mask.  Some of them were very upset as

111

to having to actually pick up and go somewhere to get a test for the COVID.  And if those people think that they deserve some sort of monetary compensation because of their mental or psychological distress, so be it, that's fine, that's on them.  So, yeah, there will be a difference, obviously.

Q.  (BY MS. ALEXANDER)  Okay.  And just to sum that all up.

You in your own personal capacity -- so just you -- you are not actually seeking any monetary damage for either the COVID vaccine policy or the masking and testing policy as a result of the COVID pandemic.

MR. LLOYD:  Objection, asked and answered.

A.  No.  Again, if the group gets an amount and I get a piece of that, that's fine.  But I am not going out there seeking it specifically.

Q.  (BY MS. ALEXANDER)  Okay.  I want to switch over to -- and I think we've covered most of this so I might just ask a couple of questions.

Did you ever -- you said earlier that you had spoken to other class members in this lawsuit before you actually filed this lawsuit.  Right?

A.  Yes, ma'am.

Q.  And what were those conversations mostly about?

127

CHANGES AND SIGNATURE

WITNESS NAME: JOSE R. VILLELA    DATE: MARCH 25, 2025

PAGE LINE        CHANGE              REASON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

128

I, JOSE R. VILLELA, have read the foregoing deposition and hereby affix my signature that same is true and correct, except as noted above.

_____
JOSE R. VILLELA

Before me, _____, on this day personally appeared JOSE R. VILLELA, known to me or proved to me under oath or through

_____ (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, _____.

SEAL:

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF _____
COMMISSION EXPIRES: _____

_____No Change Made      _____Amendment Sheet(s) Attached

129

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FEDS FOR MEDICAL FREEDOM,    )
et al.,                      )
    Plaintiff,            )
                             )
  v.                         ) CIVIL NO. 4:23-cv-01817
                             )
                             )
MERRICK GARLAND, U.S.        )
ATTORNEY GENERAL, et al.,    )
                             )
    Defendants.           )
                             )

REPORTER'S CERTIFICATION

ORAL DEPOSITION OF

JOSE R. VILLELA

MARCH 25, 2025

I, Angelina Ontiveros, Stenographic Reporter and Notary Public in and for the State of Texas, hereby certify to the following:

That the witness, JOSE R. VILLELA, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the original deposition transcript was delivered to defendant;

That a copy of this certificate was served on all parties and/or the witness shown herein on

FREE STATE REPORTING, INC.
Court Reporting  Transcription
D.C. Area 301-261-1902
Balt. & Annap. 410-974-0947

130

April 23, 2025.

That the amount of time used by each party at the deposition is as follows:

Mr. Scott Lloyd: 0 hour(s), 2 minute(s)

Ms. Natasha Alexander: 2 hour(s), 39 minute(s)

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

For the Plaintiff(s):

Mr. Scott Lloyd
Lloyd Law Group
106 Chester Street, Suite 1
Front Royal, Virginia 22630
Scott@lloyd.com

For the Defendant(s):

Ms. Natasha Alexander
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Natasha.alexander@usdoj.gov

I further certify that pursuant to FRCP Rule 30(f)(1) that the signature of the deponent was requested by the deponent or a party before the completion of the deposition and that the signature is to be before any notary public and returned within 30 days from date of receipt of the transcript.  If returned, the attached Changes and Signature page contains any changes and the reasons therefore.

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me this 10th of April 2025.


_____
Angelina Ontiveros
Stenographic Reporter & Notary
Notary Public: 13413024-2
Expires 01/06/2027
Firm No. 734

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


FEDS FOR MEDICAL FREEDOM,
et al.,

                              CASE NO.: 4:23-cv-01817

   Plaintiff,

vs.

MERRICK GARLAND, U.S.
ATTORNEY GENERAL, et al.,

   Defendants.
_____/




DEPOSITION OF SUNDANAH AZIEN PARSONS
Pages 1 to 139


April 3, 2025
9:03 a.m. to 12:25 p.m.
400 North Tampa Street
Tampa, FL  33602


Stenographically Reported By:
HEATHER M. ANDREWS, Certified Court Reporter,
Notary Public




Askins Court Reporting, Inc.  813.966.7936

taking this test, which is absolutely mind blowing to me that a government agency or any company would require a first line civilian supervisor to observe and witness a medical test on an employee as a nonmedical professional in order to just come into work and not be harassed and reprimanded or fired.

Q.    How was the testing policy enforced?

A.    How was it enforced?

Q.    Yes.

A.    I tried to be compliant, even though it was harassing, and document every incidence of harassment but I complied. But it appeared -- I talked to friends in other divisions and it seemed to be very haphazardly enforced depending what division you were in, what office you were at. But I wasn't there. I don't know. I just know my experience. I was having to do medical tests in front of a supervisor which is absolutely insane.

Q.    Well, you said earlier that it seems when you speak to other FBI employees at other divisions, locations, that the testing policy was being enforced differently than it was enforced where you were?

A.    Like testing and masking, yeah, some people were like I never mask. I don't know who this person. I talked to many different people. I know a lot of

CERTIFICATE OF OATH

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH


     I, Heather M. Andrews, Court Reporter, Notary

Public, State of Florida, do hereby certify that

SUNDANAH AZIEN PARSONS personally appeared before me on

the 3rd day of April, 2025 and was duly sworn.

     Signed this 26th day of May, 2025.

*Heather M. Andrews*

     _____

     Heather M. Andrews, Certified Court Reporter,

     Notary Public, State of Florida

     Commission No. HH182468

     Expires:    October 27, 2025

**CERTIFICATE OF REPORTER**


STATE OF FLORIDA

COUNTY OF HILLSBOROUGH


        I, Heather M. Andrews, Court Reporter, certify that I was authorized to and did stenographically report said deposition of SUNDANAH AZIEN PARSONS, pages 1 through 139; that a review of the transcript was requested; and that the transcript is a true record of my stenographic notes.

        I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.


        Dated this 26th day of May, 2025.


*Heather M. Andrews*

_____

Heather M. Andrews, Certified Court Reporter

138

WITNESS NOTIFICATION LETTER

April 3, 2025

SUNDANAH AZIEN PARSONS
C/O:SCOTT LLOYD, ESQUIRE
Lloyd Law Group, PLLC
106 Chester Street, Suite 1
Front Royal, VA  22630
Tel. (540) 823-1110
Scott@lloydlg.com

Re:  Feds For Medical Freedom, et al. v. Merrick Garland
     U.S. Attorney General, et al.
Deponent:  Sundanah Azien Parsons
Deposition taken:  April 3, 2025

The above-referenced transcript is available for review.

The witness should read the testimony to verify its accuracy. If there are any changes, the witness should note those with the reason on the attached Errata Sheet.

The witness should, please, date and sign the Errata Sheet and email to the deposing attorney as well as to Askins Court Reporting, Inc. at d_askins@tampacourtreporting.net and copies will be emailed to all ordering parties.

It is suggested that the completed errata be returned 30 days from receipt of testimony, as considered reasonable under Federal rules*, however, there is no Florida statute to this regard.

If the witness fails to do so, the transcript may be used as if signed.

                        Thank you,

                        Askins Court Reporting, Inc.

*Federal Civil Procedure Rule 30(e)/Florida Civil Procedure Rule 1.310(e).

139

ERRATA SHEET

Re:  Feds For Medical Freedom, et al. V. Merrick Garland
     U.S. Attorney General, et al.
Deponent:  Sundanah Azien Parsons
Deposition taken:  April 3, 2025
_____

Page No.____Line No.____Change_____

_____

Reason_____

Page No.____Line No.____Change_____

_____

Reason_____

Page No.____Line No.____Change_____

_____

Reason_____

Page No.____Line No.____Change_____

_____

Reason_____

Page No.____Line No.____Change_____

_____

Reason_____


Under penalties of perjury, I declare that I have read
The foregoing document and that the facts stated in it
are true.



_____            _____
Date                       Sundanah Azien Parsons

# EXHIBIT 3

1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FEDS FOR MEDICAL FREEDOM,    )
et al.,                      )
                             )
          Plaintiff,         )
                             ) CIVIL NO. 4:23-cv-01817
v.                           )
                             )
MERRICK GARLAND, U.S.        )
ATTORNEY GENERAL, et al.,    )

          Defendants.

-----------------------------------

ORAL DEPOSITION OF

JENNIFER R. GEREN

April 14, 2025

(REMOTELY REPORTED)

-----------------------------------

The Oral Deposition of JENNIFER R. GEREN, produced as a witness at the instance of the defendants, and duly sworn, was taken in the above-styled and numbered cause on the 14th of April, 2025 from 9:59 a.m. to 12:32 p.m., in and for the State of Texas, reported by machine shorthand, conducted remotely, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

FREE STATE REPORTING, INC.
Court Reporting  Transcription
D.C. Area 301-261-1902
Balt. & Annap. 410-974-0947

39

you mean since the pandemic began you hardly ever wore a mask?

A.  Initially when the pandemic first broke out, I did wear a mask.  As time went on, though, I learned that -- I mean the masks weren't -- weren't doing anything, so I didn't wear one.  Maybe a couple of times I did, but not -- not every day.

Q.  So did you stop wearing a mask every day when the policy was for all employees to wear masks?

A.  During that time, yes.

Q.  During that time you did not wear a mask?

A.  Not -- not every day, no.

Q.  Were you ever disciplined for not wearing a mask?

A.  No.

Q.  Were you ever counseled for not wearing a mask?

A.  No.

Q.  Did your supervisor ever say anything to you regarding you not wearing a mask?

A.  I don't remember.

Q.  Can you recall any instance where your supervisor spoke to you regarding you not wearing a mask?

A.  No.

Q.  Did the masking protocols change based on the

81

CHANGES AND SIGNATURE

WITNESS NAME: JENNIFER R. GEREN   DATE: APRIL 14, 2025

PAGE LINE        CHANGE              REASON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

FREE STATE REPORTING, INC.
Court Reporting  Transcription
D.C. Area 301-261-1902
Balt. & Annap. 410-974-0947

82

I, JENNIFER R. GEREN, have read the foregoing deposition and hereby affix my signature that same is true and correct, except as noted above.

_____
JENNIFER R. GEREN

Before me, _____, on this day personally appeared JENNIFER R. GEREN, known to me or proved to me under oath or through _____ (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, _____.

SEAL:

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF _____
COMMISSION EXPIRES: _____

_____No Change Made      _____Amendment Sheet(s) Attached

FREE STATE REPORTING, INC.
Court Reporting  Transcription
D.C. Area 301-261-1902
Balt. & Annap. 410-974-0947

83

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FEDS FOR MEDICAL FREEDOM,      )
et al.,                        )
                               )
          Plaintiff,           )
                               ) CIVIL NO.: 4:23-cv-01817
v.                             )
                               )
                               )
MERRICK GARLAND, U.S.          )
ATTORNEY GENERAL, et al.,      )
                               )
          Defendants.          )

REPORTER'S CERTIFICATION

ORAL DEPOSITION OF

JENNIFER R. GEREN

APRIL 14, 2025

I, Angelina Ontiveros, Stenographic Reporter and Notary Public in and for the State of Texas, hereby certify to the following:

That the witness, JENNIFER R. GEREN, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the original deposition transcript was delivered to defendants;

That a copy of this certificate was served on all parties and/or the witness shown herein on

84

_____.

That the amount of time used by each party at the deposition is as follows:

Mr. Scott Lloyd: 0 hour(s), 1 minute(s)

Ms. Myra Siddiqui: 2 hour(s), 17 minute(s)

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

For the Plaintiff(s):

Mr. Scott Lloyd
Lloyd Law Group
106 Chester Street, Suite 1
Front Royal, Virginia 22630
Scott@lloyd.com

For the Defendant(s):

Ms. Myra Siddiqui
Assistant United States Attorney
1000 Louisiana, suite 2300
Houston, Texas 77002
Myra.siddiqui@usdoj.gov

I further certify that pursuant to FRCP Rule 30(f)(1) that the signature of the deponent was requested by the deponent or a party before the completion of the deposition and that the signature is to be before any notary public and returned within 30 days from date of receipt of the transcript.  If returned, the attached Changes and Signature page contains any changes and the reasons therefore.

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me this 1st of May 2025.


_____
Angelina Ontiveros
Stenographic Reporter & Notary
Notary Public: 13413024-2
Expires 01/06/2027
Firm No. 734

# EXHIBIT 4

1

```
                    UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

FEDS FOR MEDICAL FREEDOM,      )
et al.,                        )
                               )
      Plaintiff,               )
                               ) CIVIL NO. 4:23-cv-01817
      v.                       )
                               )
MERRICK GARLAND, U.S.          )
ATTORNEY GENERAL, et al.,      )

      Defendants.
```

-----------------------------------

ORAL DEPOSITION OF

RACHELLE GLENN

April 9, 2025

(REMOTELY REPORTED)

-----------------------------------

The Oral Deposition of RACHELLE GLENN, produced as a witness at the instance of the defendants, and duly sworn, was taken in the above-styled and numbered cause on the 9th of April, 2025 from 1:32 p.m. to 5:27 p.m., in and for the State of Texas, reported by machine shorthand, conducted remotely, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

FREE STATE REPORTING, INC.
Court Reporting  Transcription
D.C. Area 301-261-1902
Balt. & Annap. 410-974-0947

74

Correct?

A. No, not that I recall anyways.

Q. Okay. And did you take any COVID tests?

A. I did, yes.

Q. How many did you take?

A. I'm sorry. Can you hold on one moment? I have to close this door.

I don't -- I don't know an exact number.

Q. Would you say you took less than five?

A. No, it was probably more than that.

Q. Would you say you took less than 10?

A. I really couldn't say an exact number 'cause at one point -- at one point they were requiring that you get it from a place like Walgreens or something like that, like an official testing location. And then at another point, they were authorizing you to -- to take like an at-home test, but then you had to show the results to your supervisor.

Q. Did your insurance cover these tests?

A. So the ones that I got at Walgreens, they didn't charge 'cause I think at one point the government was covering those. But the ones that I did end up having to buy, some of the at-home tests, those were not covered.

Q. Sorry. You said the at-home tests were not

113

CHANGES AND SIGNATURE

WITNESS NAME: RACHELLE GLENN      DATE: APRIL 9, 2025

PAGE LINE         CHANGE              REASON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

114

I, RACHELLE GLENN, have read the foregoing deposition and hereby affix my signature that same is true and correct, except as noted above.

_____
RACHELLE GLENN

Before me, _____, on this day personally appeared RACHELLE GLENN, known to me or proved to me under oath or through _____ (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, _____.

SEAL:

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF _____
COMMISSION EXPIRES: _____

_____No Change Made    _____Amendment Sheet(s) Attached

115

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FEDS FOR MEDICAL FREEDOM,        )
et al.,                          )
                                 )
        Plaintiff,               )
                                 ) CIVIL NO.: 4:23-cv-01817
     v.                          )
                                 )
                                 )
MERRICK GARLAND, U.S.            )
ATTORNEY GENERAL, et al.,        )
                                 )
        Defendants.              )

                    REPORTER'S CERTIFICATION

                      ORAL DEPOSITION OF

                       RACHELLE GLENN

                       APRIL 9, 2025


        I, Angelina Ontiveros, Stenographic Reporter

and Notary Public in and for the State of Texas, hereby

certify to the following:

        That the witness, RACHELLE GLENN, was duly

sworn by the officer and that the transcript of the oral

deposition is a true record of the testimony given by

the witness;

        That the original deposition transcript was

delivered to defendants;

        That a copy of this certificate was served on

all parties and/or the witness shown herein on

116

April 29, 2025.

That the amount of time used by each party at the deposition is as follows:

Mr. Scott Lloyd: 0 hour(s), 0 minute(s)

Ms. Myra Siddiqui: 3 hour(s), 29 minute(s)

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

For the Plaintiff(s):

Mr. Scott Lloyd
Lloyd Law Group
106 Chester Street, Suite 1
Front Royal, Virginia 22630
Scott@lloyd.com

For the Defendant(s):

Ms. Myra Siddiqui
Assistant United States Attorney
1000 Louisiana, suite 2300
Houston, Texas 77002
Myra.siddiqui@usdoj.gov

I further certify that pursuant to FRCP Rule 30(f)(1) that the signature of the deponent was requested by the deponent or a party before the completion of the deposition and that the signature is to be before any notary public and returned within 30 days from date of receipt of the transcript. If returned, the attached Changes and Signature page contains any changes and the reasons therefore.

FREE STATE REPORTING, INC.
Court Reporting  Transcription
D.C. Area 301-261-1902
Balt. & Annap. 410-974-0947

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me this 24th of April 2025.

_____
Angelina Ontiveros
Stenographic Reporter & Notary
Notary Public: 13413024-2
Expires 01/06/2027
Firm No. 734