**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FEDS FOR MEDICAL FREEDOM *et al.*, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | Civil Action No. 4:23-cv-01817 |
| v. | ) | |
| | ) | |
| MERRICK B. GARLAND *et al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**SUPPLEMENTAL FILING**
**REGARDING THE CALCULATION OF DAMAGES**

Pursuant to the Court's May 11, 2026, Order, Plaintiffs submit the following Reply in support of its supplemental briefing regarding the calculation of damages for its proposed class and sub-classes.

Plaintiffs argued in their supplemental briefing that it would be possible to streamline the damages determinations across the putative class in this case through stipulated *per diem* and per-incident values for common harms and the use of a special master to provide initial compilation and analysis of claims for submission to the Court.

Defendants object on several grounds. They begin by citing *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 417 (5th Cir. 1998) for the proposition that damages "involving stress and anxiety are not capable of class-wide resolution." Plaintiffs, however, have not argued that it is possible to determine these damages on a class-wide basis. It is, rather, Plaintiffs' position that 1) individual damages determinations do not defeat a finding that class-wide common issues predominate, and 2) although it is not possible to make a

1

single damages determination that would resolve damages for the entire class, it is possible through the negotiation of stipulated *per diem* and / or per incident values to streamline the damages determination with the help of a special master.

Defendants then go on to argue that "the purpose of the Special Master is not to displace the Court." This is not Plaintiffs' suggestion—Plaintiffs propose, rather, that a special master provide an initial compilation and analysis of Plaintiffs' claims in order to submit recommendations to the Court for final approval and / or identify cases where further adjudication of claims and issues is necessary.

Finally, Defendants object that "Plaintiffs have also not indicated what makes this case warrant a special master," citing a case where a *pro se* plaintiff asked the court to appoint a special master to investigate his discrimination claims against his landlord for failure to accommodate his visual disability. In that case, court noted that, "[g]enerally, special masters are appointed in exceptional situations involving complex matters." *Ricks v. Dma Co.*, No. 1:22-CV-773-LY, 2023 U.S. Dist. LEXIS 829, at *2 (W.D. Tex. Jan. 3, 2023)(citation omitted). The court goes on to suggest the resolution of "a difficult computation of damages" as an example of an instance where a special master would be appropriate. *Id*. Here, we have such a case. As indicated in its previous supplemental briefing, the special circumstance is the need to provide an initial synthesis and analysis of any stipulations, negotiations, and / or evidence for a large number of plaintiffs for presentation to the court.

The use of a special master in conjunction with good-faith efforts to negotiate the details of damages will sufficiently streamline the damages determinations that this case will necessitate, making class certification manageable so that the Court may adjudicate the predominant claims in this litigation on a class-wide basis.

Dated: May 21, 2026                    Respectfully Submitted:


/s/ E. Scott Lloyd
E. Scott Lloyd
Lloyd Law Group, PLLC
106 Chester St, Suite 1
Front Royal, VA 22630
(540) 823-1110
scott@lloydlg.com
*Lead Counsel*
*Counsel for Plaintiffs*
*Admitted pro hac vice*


**Daniel W. Manning**
State Bar No. 24081018
Southern District State Bar No. 3098098
dmanning@bajb.com
*Local Counsel*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I will cause the foregoing to be served upon the Defendants on

May 21, 2026 through the Court's electronic filing system:

Myra Farah Siddiqui
DOJ-USAO
1000 Louisiana Street Suite 2300
Houston, TX 77002
713-567-9600
Email: Myra.Siddiqui@usdoj.gov

Natasha Ann Alexander
DOJ-USAO
1000 Louisiana Street Ste #2300
Houston, TX 77002
713-567-9000
Email: Natasha.Alexander@usdoj.gov